**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DAVID A. PONTARELLI,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 26-cv-377-JJM-AEM

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., Chief Judge.

Before the Court is Defendant United States of America's ("Government") Motion to Dismiss Plaintiff David A. Pontarelli's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). ECF No. 6. At the heart of the dispute is the application of a carved-out waiver under the Federal Tort Claims Act (the "FTCA").

## I. BACKGROUND

In April 2024, Mr. Pontarelli applied for two Federal Emergency Management Agency ("FEMA") disaster loans from the U.S. Small Business Administration (the "SBA") to cover repair costs that damaged his home during the winter months. ECF No. 1.[1] The damage included flooding, tornado wind, hail, rain, and wind-driven rain, among other things. *Id.* ¶¶ 12-13. After a few months, the SBA approved one loan

[1] Mr. Pontarelli's first and second SBA loan applications were for two separate FEMA disaster events that occurred on December 17, 2023, and January 9, 2024.

application but put a hold on it and denied his second application. *Id.* ¶¶ 14-15. The SBA informed Mr. Pontarelli that it declined his second application for "character reasons" and unsatisfactory payment history on an existing or earlier loan. *Id.* ¶ 16.

After he sought reconsideration of that denial, it was discovered that a data error incorrectly associated Mr. Pontarelli's Social Security number to a defaulted Paycheck Protection Program loan that was issued to Skyline at Waterplace, LLC who was on the "Federal Do Not Pay List." *Id.* ¶¶ 18-20. The SBA then corrected the mishap and informed Mr. Pontarelli that it no longer linked his Social Security number to Skyline and told him to seek reconsideration of his rejected applications. *Id.* ¶ 22.

The delay in approving his loans due to the clerical error required Mr. Pontarelli to spend personal funds totaling $362,968.64 to repair and restore structural, furniture, and surface damage caused by debris. *Id.* ¶ 29. Mr. Pontarelli eventually received $252,509.39 from two SBA disaster loans and insurance coverage. *Id.* ¶ 30. The SBA never replaced the remaining $110,459.25. *Id.* ¶ 31. Due to the delay the denials caused, Mr. Pontarelli had to use funds from his Thrift Savings Plan, federal retirement account, and savings allocated for his children's education. *Id.* ¶ 32. He also took loans against two Mass Mutual insurance policies he held, including one assigned to his child, and a payday loan. *Id.* ¶ 35. Mr. Pontarelli now pays a higher interest rate on his current loans and credit cards. *Id.* ¶ 36.

## II. STANDARD OF REVIEW

"In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court assumes that all material allegations set forth in the Plaintiff's Complaint are true." *Koussa v. United States*, 261 F. Supp. 2d 91, 92 (D.R.I. 2003) (citation omitted). Facts alleged in the complaint, including any reasonable inferences that may be drawn from them, must be construed in favor of the plaintiff. *Id.* (citation omitted). "Dismissal of the case is justified only if there is 'no colorable hook upon which subject-matter jurisdiction can be hung.'" *Guerra-Castaneda v. United States*, 656 F. Supp. 3d 356, 361 (D. Mass. 2023) (quoting *Royal v. Leading Edge Prods.*, 833 F.2d 1, 1 (1st Cir. 1987)).

## III. DISCUSSION

Mr. Pontarelli's complaint alleges a single count under the FTCA, which waives the United States' sovereign immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A claim brought under that waiver survives a motion to dismiss when the complaint alleges "sufficient facts to demonstrate that the FTCA applies to the claims asserted and that none of the FTCA's manifold exceptions is apposite." *Gordo-Gonzalez v. United States*, 873 F.3d 32, 36 (1st Cir. 2017). "[T]he FTCA must be 'construed strictly in favor of the federal government and must not be enlarged beyond such boundaries as its language plainly requires.'" *Bolduc v. United States*, 402 F.3d 50, 56 (1st Cir. 2005) (quoting *United States v. Horn*, 29 F.3d 754, 762 (1st Cir. 1994)).

Because Mr. Pontarelli's claim is based on the Government's denial of his SBA loan, the Government argues that the Court lacks subject matter jurisdiction due to the discretionary-function exception, which preserves immunity for claims "based [on] the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a). To decide whether the discretionary-function exception applies, courts developed a three-prong test: (1) identify the conduct that allegedly caused the harm, (2) ask whether that conduct involved an element of judgment or choice (i.e., was it discretionary), and (3) ask whether that judgment was prone to policy analysis. *Shansky v. United States*, 164 F.3d 688, 690–92 (1st Cir. 1999); *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988); *United States v. Gaubert*, 499 U.S. 315, 322–25 (1991); *Carroll v. United States*, 661 F.3d 87, 99–100 (1st Cir. 2011) ("[o]ur precedent places the burden on the plaintiff to show that discretionary conduct was not policy-driven and, hence, falls outside the exception.").

Mr. Pontarelli need not *prove* that the exception is inapplicable. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (rejecting 12(b)(1) motion where movant challenges only the sufficiency of the jurisdictional allegations because courts accept plaintiff's well-pleaded facts as true and draws all reasonable inferences in her favor). Instead, Mr. Pontarelli need only plausibly allege facts showing that the discretionary-function exception is not designed to protect the conduct he challenges. *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730–31 (1st Cir. 2016) (applying the plausibility standard to a facial challenge under Rule 12(b)(1)); *Fothergill v. United States*, 566 F.3d 248, 252 (1st Cir. 2009).

### A. The Alleged Conduct

The Government argues that Mr. Pontarelli's FTCA claim is based on the discretionary act of approving or denying SBA loans. The Government cites many cases where courts have "generally dismissed actions alleging damages arising out of the government's loan-making authority." ECF No. 6 at 4. Mr. Pontarelli argues that the Government's denial of his loans was not an exercise of discretion but the result of a government employee's alleged negligence in clerically inputting someone else's Social Security number into his applications.

Mr. Pontarelli seeks redress for the damages a clerical staff member caused due to their negligence in entering misinformation. His complaint alleges that the Government "breached its duty by negligently maintaining and using inaccurate data, failing to timely correct known errors that falsely associated Plaintiff with a defaulted federal loan and an open federal investigation." ECF No. 1 at ¶ 42. Mr. Pontarelli does not allege that the SBA used its discretion in negligently denying his application, but he alleges that the Government negligently inputted information that resulted in the denial of his loan applications. That negligent conduct is what the Court looks at to evaluate the discretionary-function exception.

### B. Whether the Nature of the Conduct is Discretionary

The Supreme Court held that "an element of judgment or choice" is the only kind of conduct covered by the discretionary exception and if the "'statute, regulation or policy prescribes a specific course of action'" the employee has no choice but to follow it "because the 'employee has no rightful option but to adhere to the directive.'"

*Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). The conduct of entering a personal identifier is a kind of "operational action," that is more like a prescribed task than a discretionary choice. *Id.* at 321. Because the exception only protects "'legislative and administrative decisions grounded in social, and political policy'" the Government's mistaken linking of an individual's Social Security number is treated as an operational error to be analyzed under what is otherwise a tort action. *Id.* at 323 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).

The Count finds that the negligent entry of an incorrect Social Security number is a ministerial administrative error, not an exercise of governmental judgment or policy discretion. The SBA employee was not tasked with deciding which identifying number it should assign to Mr. Pontarelli or weighing competing policy considerations. Rather, the employee was simply required to accurately record the entry of identifying information, which activated a chain of events this Court is now tasked to review. That employee's actions are not protected by 28 U.S.C. § 2680(a). *Jimenez-Nieves v. United States*, 682 F.2d 1, 3-5 (1st Cir. 1982) (vacating dismissal of an FTCA negligence claim arising from the SSA's incorrect halt on benefit checks).

**C. Whether the Conduct was Susceptible to Policy Analysis**

As to the third prong, the exception requires that the conduct is "susceptible to policy analysis," and the inquiry focuses on "the nature of the actions taken." *Gaubert*, 499 U.S. at 325. Actions made during a policy program fall outside of § 2680(a) when they are not "based on the purpose the regulatory regime seeks to accomplish." *Id.* at 325 n.7.

While the SBA's decision-making on loan applications might include policy judgment, but the wrong Mr. Pontarelli identifies here is based on an employee's negligent entering of the wrong applicant's Social Security number to a loan. Mr. Pontarelli's allegations show that there was no policy analysis involved in his case.

## IV. CONCLUSION

The Court has evaluated Mr. Pontarelli's complaint and concludes that none of the three factors for evaluating the applicability of the discretionary-function exception apply to the facts of this case. Therefore, the Court finds that it has subject-matter jurisdiction over the United States because the Government has waived its immunity through the FTCA. The Court DENIES the Government's Motion to Dismiss. ECF No. 6.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

_________________________________

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 24, 2026